## Peoria Savings, Loan and Trust Company v. Joseph Elder et al.

1. · GUARANTY—*Construction of the Contract of.*—The makers of a guaranty, or letter of credit, are not liable for past obligations of the principal, unless it appears from the instrument itself that it was intended to have a retroactive effect.

Assumpsit, on contract of guaranty. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

HAMMOND & WYETH, attorneys for appellant.

JACK & TICHENOR, attorneys for appellees.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit upon a certain guaranty, or letter of credit, which was as follows:

"PEORIA, ILL., January 17, 1893.
To the Peoria Savings, Loan and Trust Company.

GENTLEMEN: We make this request and guaranty to you, viz.:

That the Peoria Pump and Implement Co., of this city (incorporated), may, from time to time, from date hereof until further notice, present to you its promissory notes and

business paper for discount or advance, to the extent of
$12,000. In case that it shall do so, we request you to dis-
count such notes or said paper indorsed by them, or make
such advance to them, and in consideration of the terms,
and one dollar to us in hand paid by you, the receipt of
which is hereby acknowledged, we hereby guarantee the
prompt payment at maturity of the principal and interest
of all promissory notes and business paper, or open account,
made or indorsed by said Peoria Pump and Implement Co.,
and discounted or advanced upon by you for said company,
and we waive notice of the acceptance of this guaranty and
of any and all indebtedness at any time covered by same.

Witness our hands and seals at Peoria, Illinois, this 17th
day of January, 1893.

                    G. G. Geiger,      [Seal.]
                    G. H. Hymond,      [Seal.]
                    E. T. Brawley,     [Seal.]
                    Joseph Elder,      [Seal.] "

The suit was brought against all the makers of this instru-
ment, but only the defendants Elder and Geiger were
served, the others being not found. The plaintiff was a
banking institution doing a general banking business in the
city of Peoria, and the Peoria Pump and Implement Com-
pany was a manufacturing corporation doing business in
the same place, and the signers of this guaranty were at the
date thereof the only stockholders and officers of the last
named company.

The declaration counted upon certain promissory notes,
amounting in the aggregate to $10,072.76, which the plaintiff
claims to have discounted for the Pump and Implement Com-
pany on the faith of this guaranty, the money advanced on
the same having gone to the credit of the Pump company.
The defendants served put in pleas setting up certain de-
fenses. The issues being formed the cause was submitted to
the court for trial without a jury, resulting in a finding for
plaintiff for the sum of $1,661.67, and a judgment entered
for that amount.

It appears that a portion of the notes sued on were

held by the bank before and at the time of the execution and delivery of this letter of credit, but the court in its findings allowed only for those notes executed and delivered for advances made after the date of the guaranty, and in this it is claimed the court erred, the plaintiff insisting that the guaranty, by its terms, covered not only the indebtedness of the Pump company to the bank, then existing, but also such as should thereafter be incurred by subsequent advances. But we think the guaranty, properly construed, covered only such advances as were made after its date, and that the court committed no error in so holding.

Nor do we think the court erred in finding against the defenses sought to be availed of by the pleas of the defendants. There was no absolute agreement on the part of the bank to advance $12,000 on the strength of this guaranty, but that amount specified therein must be taken as limiting the extent of the liability of the guarantors thereunder. Hence there was no total failure of consideration because the bank did not advance the full sum of $12,000, as is alleged in defendant's second plea.

The judgment note for $12,000, dated February 11, 1893, executed by the Pump company to the plaintiff, was, as shown by the receipt of that date appearing in the evidence, given to secure all indebtedness of the Pump company to the bank then existing, as well as advances to be made in the future, and was also to be held as collateral security for the benefit of the parties who had signed the guaranty; and, by the terms of that receipt, the bank was only bound to advance money to the Pump company so long or to such extent as it might deem itself safe in doing so. We see nothing in that transaction which in any way relieved the defendants from their liability under the guaranty. They were present, either in person or by their attorneys, consenting to the arrangement.

This $12,000 note of February 11, 1893, being entered in judgment, an execution was issued and levied upon all the property of the Pump company, which it is claimed was amply sufficient, if sold, to have satisfied the judgment,

which was for the sum of $11,122.76, and was dated February 23, 1893.

But on March 6, 1893, eleven days after the entry of the judgment above mentioned, Ida J. Geiger filed her bill in chancery in the Circuit Court of Peoria County, to which suit the Pump company, the plaintiff and defendants herein, as well as other parties, were made defendants, and in that case such proceedings were afterward had that a receiver was appointed for the Pump company, who took possession of all its property and assets, and by an order of the court, the sheriff turned over to the receiver all the property levied upon under the execution held by him and issued upon the judgment of February 11, 1893, above referred to. The defendants were parties to that proceeding, with a right to be heard upon the question of the appointment of a receiver, and to resist the order of the court directing the sheriff to turn over to him the property levied upon, and we think they should not now be heard in this case for the first time to question the propriety of the court's action in the chancery case, nor to be permitted to say that they have been thereby injured, as is sought to be done by their third and fourth pleas.

The plaintiff, as well as the defendants, were bound by the order of the court in the chancery case, and if a loss occurred by reason of that action of the court, and because the property was not sold by the sheriff, the plaintiff is no more responsible for it than are the defendants. In the light of subsequent events, it is often seen that had some other course been pursued, it might have been better, and yet no one can be really to blame for the action taken which may have resulted in loss. We think the court properly found the issues for the plaintiff, formed upon the pleas filed.

The court committed no error in its calculation of interest. The plaintiff voluntarily took judgment against the Pump company upon the same indebtedness covered by the guaranty, whereby the notes became merged in the judgment, and thereafter the interest should be allowed and

computed on the judgment and not on the notes. This was the course pursued by the court in arriving at the amount due the plaintiff, and we are of the opinion this was proper.

The cross-errors are not well assigned. As to some of them we have already given our reasons for so holding. The plea which defendants asked leave to file after the evidence was all in, did not, in our opinion, set up any good defense to plaintiff's cause of action, and for that reason there was no error in refusing to allow it to be filed.

We find no error in the action of the court in holding, or refusing to hold, the propositions of law submitted to it, as held and refused. In that respect the action of the court was proper.

Finding no error in the record, the judgment will be affirmed.